MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JENNIFER GASPAR (CABN 266726)
Special Assistant United States Attorney
   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: jennifer.gaspar@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD S. GAHAGAN, ) <br> a/k/a "Michael Stevens," ) <br> a/k/a "Michael Stephens," ) <br> a/k/a "Richard H. Gahagan," ) <br> a/k/a "Richard Sidney Gahagan, Jr.," ) <br> a/k/a "Richard Steven Gahagan," ) <br> ) <br> Defendant. ) <br> ) | No. CR 11-00044 CW (LB) <br><br> [PROPOSED] ORDER DETAINING DEFENDANT PENDING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

## I. DETENTION ORDER

Defendant Richard S. Gahagan is charged in a one-count indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g). At the defendant's January 27, 2011, initial appearance on the Indictment, the United States moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(E), because the case involves a felony not otherwise a crime of violence that involves a the possession or use of a firearm or destructive device.

1   On February 2, 2011, this Court heard the United States' motion to detain the defendant
2   without bail pending trial. Defendant Gahagan was present, in custody, and represented by
3   counsel. The parties proceeded, without objection, by proffer. Following the hearing, and
4   considering the parties' proffer and the factors set forth in 18 U.S.C. § 3142(g), the Court finds
5   by clear and convincing evidence that defendant poses a serious risk of danger to the community.
6   Specifically, the Court notes the defendant's conduct in the instant offense and criminal
7   history, as documented in the Pretrial Services report and as proffered by the government. The
8   United States proffered that the evidence that the defendant committed the charged offense
9   supports its claim that the defendant poses a danger to the community. During the February 2,
10  2001, hearing, the United States summarized the conduct alleged in the Complaint and
11  supporting affidavit. As a further offer of proof to support its claim of danger to the community,
12  the United States summarized specific conduct from several of the defendants past arrests and
13  convictions. Specifically, the United States noted conduct that took place during the defendant's
14  July 31, 2007, August 27, 2006, and June 25, 2005, arrests for battery of a spouse or former
15  spouse in violation of Cal. Pen. Code § 243(e). The United States also noted that the
16  defendant's criminal history includes arrests for battery of a police officer and resisting arrest.
17  The defendant is presently in federal custody. The Court, therefore, orders that the
18  defendant remain in detention pending trial. At the February 2, 2011, hearing, the defendant was
19  advised of his rights, including his right to present evidence under section 3142(f). The
20  defendant reserved his right to present information at a future bail hearing should his
21  circumstances change.

22                              II.  SPEEDY TRIAL EXCLUSION

23  For the reasons stated in open court on February 2, 2011, the Court excluded time under
24  the Speedy Trial Act from February 2, 2011, to March 1, 2011, to enable defense counsel to
25  investigate the matter, including review of discovery. The Court found that (A) failure to grant
26  the continuance would unreasonably deny defense counsel the reasonable time necessary for
27  effective preparation, taking into account the exercise of due diligence, and (B) the ends of
28  justice served by the continuance outweigh the best interests of the public and the defendant in a

speedy trial. See 18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

## III.  CONCLUSION

The Court detains the defendant as a danger to the community without prejudice to his raising the bail issue at a future hearing where he can present evidence, and excludes time under the Speedy Trial Act as set forth above.

The Court orders that the defendant be committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: February 3, 2011

LAUREL BEELER
United States Magistrate Judge